Good morning. We welcome Judge Bea to the United Circuit Court of Appeals, and we will call the cases off the calendar in the order in which they are listed. The first is Contreras v. Garcia. It looks like you're ready. Good morning. We thought on behalf of Mr. Contreras, the issue in this case is a fairly simple one. It's a question of whether or not the California Supreme Court's denial of a habeas petition with a citation to N. Ray Lindley is an adequate, independent and adequate State procedural bar. Lindley stands for the proposition that ordinarily sufficiency of evidence is not something that they will review on habeas corpus. Why is that not an independent and an adequate State ground? Because it's not consistently applied. Well, all right. Elaborate. When was the last time it was not so applied? It was in the case of N. Ray Giannini, which is it is an older case. How old is it? 1968. So you're asking me to do the math. Yeah. But you're asking us to take a 1968 case with no intervening authority that goes in your favor and say it's not consistently applied. Well, that seemed a stretch. Well, the the N. Ray Lindley decision rests on older decisions. And the fact that it was a well-established principle, but it was the given that it was not consistently applied. I think that it doesn't really matter whether it was 1968 or since then. But isn't the law clear that a case here or a case there doesn't undercut the the the argument? I mean, you're saying there has to be perfection for all time since the establishment of the rule. There can be no deviations. A deviation undercuts the argument that it's independent and adequate State ground. Well, we're not talking here about simply, you know, once in a while in an act of grace or something like that. We're talking about a decision of the California Supreme Court that specifically disavowed N. Ray Lindley when it came to a case of sufficiency of evidence. And so. Well, that also. I'm sorry. That had a little bit of a different overtone to it, though. If I remember that Giannini case, didn't that have to do with obscenity? I'm sorry. Did that have to do with obscenity? Yes, it did. So wasn't that a constitutional question of whether the evidence satisfied the constitutional standard for criminal prosecutions? Well, the sufficiency of evidence, as N. Ray Giannini pointed out, was the sufficient It wasn't, the issue wasn't obscenity. The issue was sufficiency of evidence is a due process issue under the United States Supreme Court. And therefore, they, because they felt that the State had not proved an element of the offense in that particular case, they were not going to they were going to grant the petition because there was not sufficient evidence. The fact that it happened to be about the obscenity statute, I think, is a different point. The issue is the sufficiency of evidence. And the Supreme Court has long held consistently that if the evidence is insufficient, convictions cannot stand. And I think that's a fundamental decision. And therefore, regardless of whether it's 1968 or not, it is a decision of the California Supreme Court expressly disavowing it. And they have not come back and said we're no longer going to follow that rule either. And I think that that is an important point. The other point I wanted to make was that after the, after the briefing and the record that I had was the record of the district court, I was able to obtain the transcripts of the case. There is a non-frivolous sufficiency argument that can be made. And I think the Court, given the Giannini case, should remand the case for consideration of the merits. Is there any reason why we have to remand? Are we at as good a position as the district court to make a decision on this? It's a matter of law. We would review it de novo anyway. You mean on the sufficiency? Yes. No, because it hasn't been briefed before this Court. What about on the independent and adequate State ground issue? I think that on the independent and adequate State grounds, given that the prosecution has cases that they have cited, there's not, apart from the Giannini case, the other cases that they cited, which the Giannini case supports Mr. Contreras's position, but even the other cases that they cited simply restate, you know, quoting Lindley, there is no case that they cited that says that the California Supreme Court has consistently applied this rule in every case. And therefore, I think it should be remanded on the merits. Would you like to retain the rest of your time to respond? I'll save the rest of my time for rebuttal. All right. Thank you. Good morning. David Wilden, California Deputy Attorney General for the Warden, Rosie V. Garcia. This Circuit recognized Lindley Barr in Kim v. Villalobos. This Court should continue to do so. Under Bennet v. Mueller, once the State in the district court has adequately pled the existence of an independent and adequate State procedural ground as an affirmative defense, the burden then shifts to the Petitioner to respond to that Petitioner and do so in the district court. It's a little late to do so now. The second point I wanted to make is that the In re Gianni case, as to that case, the words that the Ninth Circuit used in Bennet v. Mueller was that the State procedural bar has to be regularly applied, not always applied. And regularly means most of the time, not without any exception whatsoever. Let me back up just for a second. The way I read the record, the Court presumed adequacy and then placed the burden of proving otherwise on the appellant. That turns out to have been a mistake, wasn't it, after Bennet v. Mueller? Well, certainly Bennet v. Mueller changed the law in that way. Put the ultimate burden of proving adequacy on the State. So didn't the district court here make a mistake in putting the burden of proving otherwise on the appellant? I don't believe so, Your Honor, because unlike the timeliness bar, there was an issue in Bennet v. Mueller. There is no history with the Lindley bar of inconsistent application. There is no history of disputes over whether it's being regularly applied. Therefore, by citing to Lindley, I think the State adequately pled that, pled it, and then the burden then shifted. Well, Bennet says the ultimate burden of proving adequacy rests with the State. Yes. And the way I read the district court, the district court reversed that because the district court acted before Bennet v. Mueller. Do you read the record differently? That's what I'm getting at in terms of whether we have to remand this or whether we can make the decision ourselves. Well, I think the point I was trying to make is that there is nothing else. Once the State had pled Lindley, because there was no controversy regarding Lindley, it was then the defendant's, the petitioner's burden to respond to that by citing to some case that showed that the State got it wrong. And ultimately, the State had the burden of showing that that citation, if there was one, was not correct. Certainly under Bennet v. Mueller, the ultimate burden is the State's. I don't disagree with that. So your bottom line is? That remand isn't necessary here, Your Honor, because there is no history of inconsistent application. As to the Gianni case. Giannini. Giannini. It wasn't a sufficiency case. The California Supreme Court has a footnote in that case where they distinguish it from Lindley, and they describe it as a due process case where they are finding a problem with prohibiting defense evidence, and it's almost as if they're saying there was a directed verdict on an element, and it was not fair to let that case go without the defense presenting that evidence. Secondly. Which footnote are you referring to? In Gianni. Yeah, you just said there's a footnote in here. There's a footnote in Gianni where they refer to Lindley, and they distinguish Lindley. And which footnote is that? Is that footnote 11? Although numerous cases have held that the sufficiency of the evidence to support a conviction is not a proper issue on habeas corpus, the United States Supreme Court has declared that conviction of a crime without any evidence in the record constitutes a denial of due process. That's what I'm referring to. So here they're saying if there's no evidence, and then they go on to say that there's no evidence as to contemporary community standards, none. So that's the distinction? Yes. If there's absolutely zero evidence, then Lindley doesn't apply. And then they go on to describe it as a due process claim. And the U.S. Supreme Court cases that are cited to you there are due process cases. They're not sufficiency cases. There are no citations. For instance, the Jacksonville, Virginia there. Counsel, do you think the district court would have decided the case differently if it had the benefit of the Bennett decision? No, I don't believe so, because even on appeal, the only exception that Petitioner has found is the Giannini case. And that doesn't show that there has been a irregular or hasn't been regularly followed. So there is nothing else except for what's before the court here that the district court would have had. Do you have anything else? Just briefly, Your Honor. There's one other point about the Giannini case, which is that procedurally that was a Los Angeles Superior Court appellate division case where transfer was denied to the California Court of Appeal. So there was no direct route on appeal to the California Supreme Court. So procedurally, it was sort of an exceptional case where, other than habeas corpus, the California Supreme Court had no way to hear that case. And so it shows that it was an exception, possibly, that the California Supreme Court reached out and looked at it in the interest of justice. Anything else? Nothing further, Your Honor. Thank you, counsel. In my opening brief, I did ask the Court to remand the case because the standard proof has been changed with the Bennett v. Mueller case, the burden of proof, excuse me, and because the Respondent came back and said, well, citing all these cases and then the Giannini case, the position was that they won't be able to prove it because the Giannini case clearly stands for an exception. But I think the Court should remand the case for the district court. Why should we remand it? Aren't we in as good a position, probably a better position? I mean, court of appeals are supposed to be specialists in the law. Isn't this basically a legal issue? Why do we have to play yo-yo with the district court and then it will come up again? It seemed to me that it makes sense to do what we're supposed to do right now. Well, it would make sense to do that if the Court were to go back. Why do you want it to go back? Are you afraid of us? Well, once, given that's what I said in my reply, given what the prosecution excuse me, the State came back with, it seems that the prosecution should lose and therefore should be remanded for a decision on the merits. But that's the it is a legal issue. And I think that their attempt to plead and prove failed. And that's the position. Well, what about the counsel makes a couple of interesting points. The first of which was this was a GNE was a municipal court prosecution of a topless dancer. And you get the complication in California of the appellate division of the superior court and the court of appeals and all that business. So the only way it could get to the Supreme Court is in the form in which it got there. And then the second point that I would make, and I think it's important to make, is that on page 18, in paragraph number 2, the footnote does say that we would have applied Lindley in this case. That's the way I read footnote 11. We would have applied Lindley in this case had it been a question of sufficiency of the evidence. But here the record was completely devoid of any evidence at all of contemporary community standards. So that's different. Well, I think that given that the sufficiency, the fact that the California Supreme Court made a point of saying that sufficiency cases, that the United States Supreme Court does not condone or finds it a violation of due process to be convicted on evidence that is insufficient, we're not going to follow that in this particular case. I really don't think it makes any difference whether or not there is simply an element of the offense that hasn't been introduced. Well, have you read footnote 11 recently? Pardon me? Have you read footnote 11 recently? I'm sorry, I couldn't hear you. Have you read footnote 11 recently? Yes. It talks about the distinction between cases where there's insufficient evidence and cases where there's no evidence. And they specifically say this is not a Lindley case, Giannini, is not a Lindley case because here it's a no evidence case as compared to a squabble about insufficiency. So it seems to me that they confirm the validity of Lindley in here for cases where the question is sufficiency and distinguish out cases where there is no evidence. Then they go on in that footnote to point out that there's no evidence of contemporary community standard in that case. That's why this is different than Lindley. Well, I would distinguish it in the regard that the question is whether there's absolutely no evidence or there's simply an evidence of one element of the offense that's missing. What is your? It makes a difference the kind of evidence that is introduced. In Giannini, they were dealing with evidence of community standards which would require expert testimony to be qualified as to what the community standards  were. It's not a dispute as to whether somebody said they ran the red light or didn't run the red light. It's a type of evidence which has to be put in of which there was none. Well, there, that's, the problem is, is that Lindley itself is also, it's, it does not limit it simply to, Lindley itself was a citation, was a quotation basically saying ordinarily, and I think the word ordinarily is important, sufficiency insanity cases are not going to be reviewed on habeas corpus. And the Lindley case itself had absolutely nothing to do with the sufficiency under, let's say, Jackson v. Virginia, and it didn't have anything to do with ultimately Giannini came out. It had to do with perjury and whether that was going to be reviewed and the habeas and the law had changed. So given that there are a number of exceptions, and the Lindley citation itself has various standards. Well, in the Lindley case, the law was different in California at the time that in order to overturn conviction, you had to show that false testimony was perjured. That's not the case anymore. It has to be material. But the statute specifically says you don't have to show that it was perjured. That's Penal Code 1473. So given that the citation to N. Ray Lindley is not itself, you know, like these older cases, Robbins and Clark and so on, and had different standards, and therefore it would seem that the citation to N. Ray Lindley is not a well-established and consistent. And that's the position. Thank you. Thank you, counsel. The case just argued. We appreciate your help. It was ordered and submitted. We'll call the next case, which is Riggs v. Fairman. Thank you. Thank you.
judges: Trott, Rawlinson, Bea